FILED
03-17-2021
CIRCUIT COURT
DANE COUNTY, WI
2021CV000646
Honorable Stephen E
Ehlke
Branch 15

STATE OF WISCONSIN          CIRCUIT COURT          DANE COUNTY
                            BRANCH __

_____

**RYAN RUBASH**
**825 S. Pleasant View Road, Apt. 4**
**Plymouth, WI  53073**

        **Plaintiff,**                    **Case No. _____**

**v.**                                  **Case Code:  30303 – Other Contracts**

**VOLKSWAGEN GROUP OF AMERICA, INC.**
**2200 Ferdinand Porsche Drive**
**Herndon, VA  20171**

        **Defendant.**

_____

## SUMMONS

_____

**THE STATE OF WISCONSIN**

To each person named above as a defendant:

    You are hereby notified that the plaintiff named above has filed a lawsuit or other legal action against you. The Complaint, which is attached, states the nature and basis of the legal action.

    Within twenty (20) days of receiving this Summons, you must respond with a written answer, as that term is used in Chapter 802 of the Wisconsin Statutes, to the Complaint. The Court may reject or disregard an answer that does not follow the requirements of the statutes. The answer must be sent or delivered to the Clerk of Court, whose address is:

        Clerk of Circuit Court
        Dane County Courthouse
        215 S. Hamilton Street
        Madison, WI 53703

and to the plaintiff's attorney, whose address is:

>Lawton & Cates, S.C.
>Attorney Terrence M. Polich
>P.O. Box 2965
>345 W. Washington Ave., Suite 201
>Madison, Wisconsin 53703

You may have an attorney help or represent you.

If you do not provide a proper answer within twenty (20) days, the Court may grant judgment against you for the award of money or other legal action requested in the Complaint, and you may lose your right to object to anything that is or may be incorrect in the Complaint. A judgment may be enforced as provided by law. A judgment awarding money may become a lien against any real estate you own now or in the future, and may also be enforced by garnishment or seizure of property.

Dated this 17th day of March, 2021.

LAWTON & CATES, S.C.

By: *Electronically signed by Terrence M. Polich*
    Terrence M. Polich
    State Bar No.: 1031375
    Attorneys for Plaintiff

P.O. Box 2965
345 W. Washington Ave., Suite 201
Madison, WI 53703
P: (608) 282-6200
F: (608) 282-6252
tpolich@lawtoncates.com

FILED
03-17-2021
CIRCUIT COURT
DANE COUNTY, WI
2021CV000646
Honorable Stephen E
Ehlke
Branch 15

**STATE OF WISCONSIN**      **CIRCUIT COURT**      **DANE COUNTY**
**BRANCH __**

_____

**RYAN RUBASH**
**825 S. Pleasant View Road, Apt. 4**
**Plymouth, WI  53073**

        **Plaintiff,**        **Case No. _____**

**v.**        **Case Code:  30303 – Other Contracts**

**VOLKSWAGEN GROUP OF AMERICA, INC.**
**2200 Ferdinand Porsche Drive**
**Herndon, VA  20171**

        **Defendant.**

_____

## COMPLAINT

The plaintiff, by his attorneys, Lawton & Cates, S.C., as and for his complaint against the defendant named above, alleges and shows to the Court as follows:

1.      Plaintiff Ryan Rubash is an adult citizen of the State of Wisconsin, residing at 825 S. Pleasant View Road, Apt. 4, Plymouth, WI 53073.

2.      Defendant Volkswagen Group of America, Inc. ("Volkswagen") is a foreign corporation authorized to conduct business in the State of Wisconsin with a principal office address at 2200 Ferdinand Porsche Drive, Herndon, VA  20171.

3.      Volkswagen manufactures and distributes motor vehicles throughout the State of Wisconsin, including in Dane County.

4.      Volkswagen has one or more authorized dealers and servicing centers in Dane County.

5.      Volkswagen has substantial business contacts with Dane County by virtue of its commercial activities including advertising, sales, and servicing of its vehicles under warranty.

6.      On or about February 21, 2020, plaintiff took delivery of a used 2019 Volkswagen Jetta 4-door sedan ("the Jetta").

7.      The Jetta was covered by Volkswagen's express warranty.

8.      Plaintiff relied upon the above-described warranty in deciding to purchase the Jetta.

9.      After taking delivery of the Jetta, plaintiff realized it suffered from numerous defects which substantially impaired its use, value, and safety.

10.     Said defects are covered by the warranties described herein.

11.     On numerous occasions after taking delivery of the Jetta, and before expiration of Volkswagen's express warranty, the plaintiff notified Volkswagen and its authorized service facilities of the defects.

12.     On numerous occasions, plaintiff made the Jetta available to Volkswagen's authorized service facilities for repair of the defects, after which the defects continued to exist, substantially impairing the use, value and safety of the Jetta.

13.     The Jetta has been out of service due to warranty nonconformities on numerous occasions throughout the time since delivery, substantially impairing the use, value and safety of the Jetta.

14.     The Jetta's warranty nonconformities continue and have not been repaired by Volkswagen or its authorized repair facilities.

## FIRST CLAIM

15.     The Jetta failed to conform to express warranties made by Volkswagen.

16.     When the plaintiff reported the Jetta's nonconformities to Volkswagen and its authorized service facilities and made the Jetta available for repair prior to the expiration of the warranty, Volkswagen had a duty to repair the nonconformities.

17.     Volkswagen breached its contractual and legal duty to the plaintiff by repeatedly failing to repair the Jetta's nonconformities, leaving its use, value, and safety substantially impaired.

18.     As a direct and proximate result of Volkswagen's actions and omissions described herein, plaintiff has suffered damages as set forth more fully below.

## SECOND CLAIM

19.     The plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1 through 18 of the Complaint as if set forth in full herein.

20.     The acts and omissions of Volkswagen alleged herein constitute violations of the Federal Magnuson-Moss Warranty Act, 15 U.S.C. §§2301, et. seq., entitling the plaintiff to the remedies described therein, as well as those damages set forth more fully below.

## THIRD CLAIM

21.     The plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1 through 20 of the Complaint as if set forth in full herein.

22.     Volkswagen made express warranties to plaintiff that the Jetta would conform to the affirmations and promises made by Volkswagen concerning the condition and capabilities of the Volkswagen.

23.     Volkswagen breached its express warranty by providing plaintiff with a motor vehicle that suffered from substantial defects and which did not perform as Volkswagen had warranted.

24.     As a direct and proximate result of Volkswagen's actions and omissions described herein, plaintiff has suffered the damages as set forth more fully below.

## FOURTH CLAIM

25.     The plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1 through 24 of the Complaint as if set forth in full herein.

26.     Volkswagen's failure to repair the Jetta pursuant to defendant's express warranty has caused said warranty to fail of its essential purpose.

27.     As a direct and proximate result of the failure of Volkswagen to perform as required by its express warranty, the plaintiff has suffered the damages as set forth more fully below.

28.     As a direct and proximate result of Volkswagen's actions, omissions, violations and breaches of its duties and breaches of warranties, both express and implied, the plaintiff has suffered pecuniary loss, costs of repair, loss of income, collateral costs, costs of obtaining alternative transportation, attorney fees, court costs and other losses.

**WHEREFORE,** plaintiff demands judgment against the defendant as follows:

A.     Requiring the defendant to refund to the plaintiff the amount paid pursuant to the purchase contract, plus all sales tax, interest paid pursuant to any financing agreement and collateral costs;

B.     Awarding the plaintiff his costs, disbursements and reasonable attorney's fees; and

C.     Providing for such other relief which the Court deems is just and equitable.

4

**A TWELVE-PERSON JURY TRIAL IS HEREBY DEMANDED.**

Dated this 17th day of March, 2021.

LAWTON & CATES, S.C.

By:   *Electronically signed by Terrence M. Polich*
        Terrence M. Polich
        State Bar No.: 1031375
        Attorneys for Plaintiff

P.O. Box 2965
345 W. Washington Ave., Suite 201
Madison, WI 53703
P: (608) 282-6200
F: (608) 282-6252
tpolich@lawtoncates.com

**AFFIDAVIT OF SERVICE**

FILED
03-23-2021
CIRCUIT COURT
DANE COUNTY, WI
2021CV000646

| Case:<br>2021CV000646 | Court:<br>Dane County Circuit Court | County:<br>Dane, WI | Job:<br>5471819 |
|---|---|---|---|
| Plaintiff / Petitioner:<br>Ryan Rubash | | Defendant / Respondent:<br>Volkswagen Group of America, Inc. | |
| Received by:<br>Dane County Civil Process, LLC | | For:<br>Lawton & Cates | |
| To be served upon:<br>Volkswagen Group of America, Inc. | | | |

I, Michael Jesse, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

| | |
|---|---|
| Recipient Name / Address: | Jessica Ritzke, Licensed Researcher, Volkswagen Group of America, Inc., c/o Corporation Service Company, Company: 8040 Excelsior Dr Suite 400, Madison, WI 53717 |
| Manner of Service: | Registered Agent, Mar 18, 2021, 1:55 pm CDT |
| Documents: | Authenticated Summons and Complaint (Received Mar 18, 2021 at 9:00am CDT) |

**Additional Comments:**
1) Successful Attempt: Mar 18, 2021, 1:55 pm CDT at Company: 8040 Excelsior Dr Suite 400, Madison, WI 53717 received by Jessica Ritzke, Licensed Researcher, Volkswagen Group of America, Inc., c/o Corporation Service Company. Age: 45; Ethnicity: Caucasian; Gender: Female; Weight: 150; Height: 5'9"; Hair: Brown;
Served.

**Fees:** $45.00

_____     03/19/2021
Michael Jesse                                       Date

Dane County Civil Process, LLC
345 W Washington Ave Suite 301
Madison, WI 53703
608-906-2917

*Subscribed and sworn to before me by the affiant who is personally known to me.*

_____
**Notary Public**

03/19/2021            July 02, 2022
**Date**                  Commission Expires

FILED
04-06-2021
CIRCUIT COURT
DANE COUNTY, WI
2021CV000646

STATE OF WISCONSIN            CIRCUIT COURT            DANE COUNTY

RYAN RUBASH,

                    Plaintiff,

        vs.

                                            Case No. 2021-CV-000646
                                            Code No. 30303

VOLKSWAGEN GROUP OF AMERICA,
INC.,

                    Defendant.

---

## ANSWER AND AFFIRMATIVE DEFENSES OF
## VOLKSWAGEN GROUP OF AMERICA, INC.

---

Volkswagen Group of America, Inc. ("Volkswagen"), by its attorneys Quarles & Brady LLP, answers Plaintiffs' Complaint as follows:

1.      Plaintiff Ryan Rubash is an adult citizen of the State of Wisconsin, residing at 825 S. Pleasant View Road, Apt. 4, Plymouth, WI 53073.

**ANSWER:**      Volkswagen lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1 and therefore denies.

2.      Defendant, Volkswagen Group of America, Inc. ("Volkswagen"), is a foreign corporation authorized to conduct business in the State of Wisconsin with a principal office address at 2200 Ferdinand Porsche Drive, Herndon, VA 20171.

**ANSWER:**      Volkswagen admits the allegations in paragraph 2.

3.      Volkswagen manufactures and distributes motor vehicles throughout the State of Wisconsin, including in Dane County.

**ANSWER:**      Volkswagen admits the allegations in paragraph 3.

QB\67788400.1

4.     Volkswagen has one or more authorized dealers and servicing centers in Dane County.

**ANSWER:**     Volkswagen admits that it has an authorized dealership in Dane County and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 4 and therefore denies.

5.     Volkswagen has substantial business contacts with Dane County by virtue of its commercial activities including advertising, sales, and servicing of its vehicles under warranty.

**ANSWER:**     Volkswagen admits that it conducts business in Dane County and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 5 and therefore denies.

6.     On or about February 21, 2020, plaintiff took delivery of a used 2019 Volkswagen Jetta 4-door sedan ("the Jetta").

**ANSWER:**     Volkswagen lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 6 and therefore denies.

7.     The Jetta was covered by Volkswagen's express warranty.

**ANSWER:**     Volkswagen lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7 and therefore denies.

8.     Plaintiff relied upon the above-described warranty in deciding to purchase the Jetta.

**ANSWER:**     Volkswagen lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9 and therefore denies.

9.     After taking delivery of the Jetta, plaintiff realized it suffered from numerous defects which substantially impaired its use, value, and safety.

**ANSWER:**     Volkswagen lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9 and therefore denies.

-2-

10. Said defects are covered by the warranties described herein.

**ANSWER:** Volkswagen lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10 and therefore denies.

11. On numerous occasions after taking delivery of the Jetta, and before expiration of Volkswagen's express warranty, the plaintiff notified Volkswagen and its authorized service facilities of the defects.

**ANSWER:** Volkswagen lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11 and therefore denies.

12. On numerous occasions, plaintiff made the Jetta available to Volkswagen's authorized service facilities for repair of the defects, after which the defects continued to exist, substantially impairing the use, value and safety of the Jetta.

**ANSWER:** Volkswagen lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12 and therefore denies.

13. The Jetta has been out of service due to warranty nonconformities on numerous occasions throughout the time since delivery, substantially impairing the use, value and safety of the Jetta.

**ANSWER:** Volkswagen lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13 and therefore denies.

14. The Jetta's warranty nonconformities continue and have not been repaired by Volkswagen or its authorized repair facilities.

**ANSWER:** Volkswagen lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14 and therefore denies.

## FIRST CLAIM

15. The Jetta failed to conform to express warranties made by Volkswagen.

**ANSWER:** Volkswagen incorporates its responses to paragraphs 1-14 as if set forth in full herein.

-3-

QB\67788400.1

16.     When the plaintiff reported the Jetta's nonconformities to Volkswagen and its authorized service facilities and made the Jetta available for repair prior to the expiration of the warranty, Volkswagen had a duty to repair the nonconformities.

**ANSWER:**     Volkswagen lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16 and therefore denies.

17.     Volkswagen breached its contractual and legal duty to the plaintiff by repeatedly failing to repair the Jetta's nonconformities, leaving its use, value, and safety substantially impaired.

**ANSWER:**     Volkswagen lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17 and therefore denies.

18.     As a direct and proximate result of Volkswagen's action and omissions described herein, Plaintiff has suffered damages as set forth more fully below.

**ANSWER:**     Volkswagen lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18 and therefore denies.

## SECOND CLAIM

19.     The plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1 through 18 of the Complaint as if set forth in full herein.

**ANSWER:**     Volkswagen incorporates its responses to paragraphs 1-18 as if set forth in full herein.

20.     The acts and omissions of Volkswagen alleged herein constitute violations of the Federal Magnuson-Moss Warranty Act, 15 U.S.C.§§2301, et. seq., entitling the plaintiff to the remedies described therein, as well as those damages set forth more fully below.

**ANSWER:**     Volkswagen lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20 and therefore denies.

## THIRD CLAIM

21.     The plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1 through 20 of the Complaint as if set forth in full herein.

**ANSWER:**     Volkswagen incorporates its responses to paragraphs 1-20 as if set forth in full herein..

-4-

22. Volkswagen made express warranties to plaintiff that the Jetta would conform to the affirmations and promises made by Volkswagen concerning the condition and capabilities of the Volkswagen.

**ANSWER:** Volkswagen lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22 and therefore denies.

23. Volkswagen breached its express warranty by providing plaintiff with a motor vehicle that suffered from substantial defects and which did not perform as Volkswagen had warranted.

**ANSWER:** Volkswagen denies the allegations in paragraph 23.

24. As a direct and proximate result of Volkswagen's actions and omissions described herein, plaintiff has suffered the damages as set forth more fully below.

**ANSWER:** Volkswagen lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24 and therefore denies.

## FOURTH CLAIM

25. The plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1 through 24 of the Complaint as if set forth in full herein.

**ANSWER:** Volkswagen incorporates its responses to paragraphs 1-24 as if set forth in full herein.

26. Volkswagen's failure to repair the Jetta pursuant to defendant's express warranty has caused said warranty to fail of its essential purpose.

**ANSWER:** Volkswagen denies the allegations in paragraph 26.

27. As a direct and proximate result of the failure of Volkswagen to perform as required by its express warranty, the plaintiff has suffered damages as set forth more fully below.

**ANSWER:** Volkswagen denies the allegations in paragraph 27.

28. As a direct and proximate result of Volkswagen's actions, omissions, violations and breaches of its duties and breaches of warranties, both express and implied, the plaintiff has suffered pecuniary loss, costs of repair, loss of income, collateral costs, costs of obtaining alternative transportation, attorney fees, court costs and other losses.

**ANSWER:** Volkswagen denies the allegations in paragraph 28.

-5-

## AFFIRMATIVE DEFENSES

As and for its affirmative defenses to the Complaint, Volkswagen hereby alleges as follows:

1.      Plaintiff's Complaint fails to state a claim upon which relief can be granted.

2.      To the extent that Plaintiff complains of conditions alleged to have been encountered in the use of the vehicle identified in the Complaint, upon information and belief, such conditions may be the result of an unauthorized modification, abuse, neglect, misuse or other alterations of the subject vehicle.

3.      Upon information and belief, the conditions about which the Plaintiff complains with respect to the use and operation of the subject vehicle are intrinsic to the nature of the subject vehicle.

4.      Upon information and belief, the conditions complained of by Plaintiff with respect to the subject vehicle were not warranted by this defendant.

5.      Upon information and belief, the conditions complained of by Plaintiff with respect to the subject vehicle did not substantially impair the use, value or safety of the subject vehicle.

6.      Plaintiff have failed to mitigate damages as required by law.

7.      Upon information and belief, Plaintiff's damages, if any, were caused by their own acts, not the acts of this defendant.

8.      Upon information and belief, Plaintiff's damages, if any, were caused by persons or entities other than this defendant, and for whose conduct this defendant is not responsible.

9.      Even assuming that anything that this defendant did or did not do is deemed to be a cause of Plaintiff's damages, Plaintiff's claims are barred from recovery by the doctrine of superseding cause and/or intervening cause.

-6-

10.     Plaintiff has failed to give timely notice of the alleged defect, breach of warranty, revocation or other claims to the defendant.

11.     Plaintiff's claims are barred in whole or in part by the defendant's limitations on damages and/or disclaimer of warranties, express or implied.

12.     Plaintiff's claims for incidental or consequential damages, if any, are barred in whole or in part because the alleged damages were not reasonably foreseeable.

13.     Plaintiff's claims may be barred by any applicable statute of limitations, doctrine of laches or statute of repose.

14.     Plaintiff has failed to give proper notice of revocation.

15.     Plaintiff has failed to participate in good faith and exhaust pre-litigation dispute resolution options.

16.     Venue for Plaintiff's claims is improper.

WHEREFORE defendant requests that the Court enter an Order dismissing the Complaint with prejudice, awarding Volkswagen of America, Inc. its costs and expenses incurred in the defense of this matter, including actual attorney's fees, and for such other and further relief to which defendant may be entitled.

## **JURY DEMAND**

Alternatively, defendant respectfully demands a trial by jury.

QB\67788400.1

Dated this 6th day of April, 2021.

QUARLES & BRADY LLP

*__Electronically signed by Sara P. Scullen__*
Sara P. Scullen (State Bar No. 1030763)
411 E. Wisconsin Ave., Suite 2350
Milwaukee WI 53202-4426
Telephone:  (414) 277-5000
Facsimile:  (414) 203-0190
Email:  *sara.scullen@quarles.com*

*Attorneys for Defendant Volkswagen Group of America, Inc.*

QB\67788400.1

FILED
06-17-2021
CIRCUIT COURT
DANE COUNTY, WI
2021CV000646

**STATE OF WISCONSIN      CIRCUIT COURT**
**DANE COUNTY**

---

**RYAN RUBASH**

          Plaintiff,               **Case No.** 21CV646
**v.**                            **Case Code:**  30303 – Other Contracts

**VOLKSWAGEN GROUP OF AMERICA, INC.**
And
**AMERICAN CREDIT ACCEPTANCE**

          Defendants.

---

### PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER

---

    **NOW COMES** the Plaintiff, Ryan Rubash, by and through his attorneys, Attorney Terrence M. Polich and Lawton & Cates, S.C. and as and for a motion for a temporary restraining order and preliminary injunction pursuant to § 813.02, Wis. Stats. and hereby requests the Court issue a temporary restraining order prohibiting the defendants from selling or otherwise disposing of plaintiff's vehicle at issue in this action until further order from the Court, and requiring defendant to produce the vehicle for inspection at a date and time to be determined by the Court.

    In further support hereof, plaintiff states, argues, alleges and offers to prove that:

1. Plaintiff filed this action March 17, 2021, and at that time was in possession of the vehicle at issue herein.

2. As alleged in the accompanying amended complaint naming the creditor American Credit Acceptance (ACA) as an additional defendant, plaintiff's Jetta was repossessed in May, shortly before a scheduled inspection of the vehicle in this case.

3. Plaintiff's counsel has attempted to arrange with ACA to produce the car for inspection, but ACA has not responded to those requests.

4. Plaintiff's counsel risks additional costs if the inspection is not held in a reasonable time, and not allowing inspection may jeopardize plaintiff's claims against Volkswagen.

5. Further, plaintiff has alleged that the repossession in this matter violated Wisconsin law and if plaintiff proves that violation, he will be entitled to a return of his vehicle.

6. Accordingly, allowing a sale of the vehicle while this matter is pending would jeopardize plaintiff's ability to prove his claims in this case, and would jeopardize plaintiff's recovery in this matter.

7. Plaintiff is asking the Court <u>IMMEDIATELY</u> grant a temporary restraining order prohibiting all defendants in this action from selling the vehicle until further order of the Court, and requiring the vehicle be made available for inspection at a mutually-agreeable time.

Dated: This 17th day of June, 2021.

**Lawton & Cates, S.C.**
Attorneys for Plaintiff, Ryan Rubash
*Electronically Signed By:*

*/s/ Briane F. Pagel*
Attorney Briane F. Pagel
State Bar No. 1025514

<u>P.O. Address</u>:
345 W. Washington Ave. Ste. 201
P.O. Box 2965
Madison, WI 53703
P: 608.282.6200/F: 608.282.6252
bpagel@lawtoncates.com

2

FILED
06-17-2021
CIRCUIT COURT
DANE COUNTY, WI
2021CV000646

**STATE OF WISCONSIN        CIRCUIT COURT**

**DANE COUNTY**

---

**RYAN RUBASH**

                Plaintiff,                **Case No.** 21CV646

**v.**                                   **Case Code:** 30303 – Other Contracts

**VOLKSWAGEN GROUP OF AMERICA, INC.**
And
**AMERICAN CREDIT ACCEPTANCE**

                Defendants.

---

**DECLARATION OF ATTORNEY TERRENCE M. POLICH**
**IN SUPPORT OF PLAINTIFF'S**
**MOTION FOR TEMPORARY RESTRAINING ORDER**

---

**STATE OF WISCONSIN**    )
                           ) **SS.**
**COUNTY OF DANE**       )

TERRENCE M. POLICH UNDER OATH STATES:

1. I am counsel for plaintiff and make this affidavit on my own personal knowledge.

2. On behalf of plaintiff, we filed this action March 17, 2021. At that time plaintiff was in possession of the vehicle at issue herein, Volkswagen Jetta.

3. As alleged in the accompanying amended complaint naming the creditor American Credit Acceptance (ACA) as an additional defendant, plaintiff's Jetta was repossessed in May, shortly before a scheduled inspection of the vehicle in this case.

4. I faxed a letter to ACA to produce the car for inspection, but ACA has not responded to that letter.

5. Failing to allow the inspection in a reasonable time, or not allowing the inspection, may jeopardize plaintiff's claims against Volkswagen.

6. Further, based on our investigation, we have alleged that the repossession in this matter violated Wisconsin law and if plaintiff proves that violation, he will be entitled to a return of his vehicle.

7. Accordingly, allowing a sale of the vehicle while this matter is pending would jeopardize plaintiff's ability to prove his claims in this case, and would jeopardize plaintiff's recovery in this matter.

8. Plaintiff is asking the Court <u>IMMEDIATELY</u> grant a temporary restraining order prohibiting all defendants in this action from selling the vehicle until further order of the Court, and requiring the vehicle be made available for inspection at a mutually-agreeable time.

*I swear and affirm the above statements are true and correct as reflected by my electronic signature.*

**Lawton & Cates, S.C.**
Attorneys for Plaintiff, Ryan Rubash
*Electronically Signed By:*

*/s/ Terrence M. Polich*
Attorney Terrence M. Polich
State Bar No. 1031375

2

FILED
06-17-2021
CIRCUIT COURT
DANE COUNTY, WI
2021CV000646
Honorable Stephen E
Ehlke
Branch 15

**STATE OF WISCONSIN      CIRCUIT COURT**

**DANE COUNTY**

---

**RYAN RUBASH**
825 S. Pleasant View Road, Apt. 4
Plymouth, WI  53073

               Plaintiff,                      **Case No.** 21CV646

**v.**                                         **Case Code:**  30303 – Other Contracts

**VOLKSWAGEN GROUP OF AMERICA, INC.**
2200 Ferdinand Porsche Drive
Herndon, VA  20171
And
**AMERICAN CREDIT ACCEPTANCE**
961 E Main St
Spartanburg, SC, 29302-2185
<u>Registered Agent</u>:
C T Corporation System
301 S. Bedford, Suite 1
Madison, WI 53703

               Defendants.

---

## FIRST AMENDED SUMMONS

The **STATE OF WISCONSIN**

To the above-named defendants:

You are hereby notified that the plaintiff named above has filed a lawsuit or other legal action against you.  The amended complaint, which is attached, states the nature and basis of the legal action.

Within (45) days after receiving this summons, you must respond with a written answer, As that term is used in Wis. Stats. Ch. 802, to the complaint.  The court may reject or disregard an answer that does not follow the requirements of the statutes.  The answer must be sent to the Dane County Clerk of Courts whose address is:

**Dane County Clerk of the Circuit Court**
215 S. Hamilton St. Room 1000
Madison, WI 53703

And to Attorney Briane F. Pagel, Plaintiff's Attorney, whose address is:

**Lawton & Cates, S.C.**
345 W. Washington Ave. Ste. 201
P.O. Box 2965
Madison, WI 53703

You may have an attorney help or represent you.

If you do not provide a proper answer within (45) days, the court may grant judgment against you for the award of money or other legal action requested in the complaint, and you may lose your right to object to anything that is or may be incorrect in the complaint. A judgment may be enforced as provided by law. A judgment awarding money may become a lien against any real estate you own now or in the future and may also be enforced by garnishment or seizure of property.

Dated: This 17th day of June, 2021.   .

**Lawton & Cates, S.C.**
Attorneys for Plaintiff, Ryan Rubash
*Electronically Signed By:*

*/s/ Briane F. Pagel*
Attorney Briane F. Pagel
State Bar No. 1025514

P.O. Address:
345 W. Washington Ave. Ste. 201
P.O. Box 2965
Madison, WI 53703
P: 608.282.6200/F: 608.282.6252
bpagel@lawtoncates.com

**STATE OF WISCONSIN**       **CIRCUIT COURT**

**DANE COUNTY**

---

**RYAN RUBASH**
825 S. Pleasant View Road, Apt. 4
Plymouth, WI  53073

            Plaintiff,                 **Case No.** 21CV646

**v.**                              **Case Code:**  30303 – Other Contracts

**VOLKSWAGEN GROUP OF AMERICA, INC.**
2200 Ferdinand Porsche Drive
Herndon, VA  20171
And
**AMERICAN CREDIT ACCEPTANCE**
961 E Main St
Spartanburg, SC, 29302-2185
<u>Registered Agent</u>:
C T Corporation System
301 S. Bedford, Suite 1
Madison, WI 53703

            Defendants.

---

**FIRST AMENDED COMPLAINT**

---

      The plaintiff, Ryan Rubash, by and through his attorneys, Lawton & Cates, S.C., and Attorney Terrence M. Polich, as and for his *First Amended* Complaint against the defendants named above, alleges and shows to the Court as follows:

**PARTIES**

      1.      Plaintiff Ryan Rubash is an adult citizen of the State of Wisconsin, residing at 825 S. Pleasant View Road, Apt. 4, Plymouth, WI 53073.

      2.      Defendant Volkswagen Group of America, Inc. ("Volkswagen") is a foreign corporation authorized to conduct business in the State of Wisconsin with a principal office address at 2200 Ferdinand Porsche Drive, Herndon, VA  20171.

      3.      Volkswagen manufactures and distributes motor vehicles throughout the State of Wisconsin, including in Dane County.

3

4.      Volkswagen has one or more authorized dealers and servicing centers in Dane County.

5.      Volkswagen has substantial business contacts with Dane County by virtue of its commercial activities including advertising, sales, and servicing of its vehicles under warranty.

6.      Defendant American Credit Acceptance ("ACA") is upon information and belief a foreign corporation engaged in lending money. ACA's business includes regularly lending money to individuals, which individuals use said funds for personal, family or household purposes.

## BACKGROUND FACTS

7.      Reallege and incorporate the foregoing as though set forth fully at this point.

8.      On or about February 21, 2020, plaintiff took delivery of a used 2019 Volkswagen Jetta 4-door sedan ("the Jetta").

9.      The Jetta was covered by Volkswagen's express warranty.

10.      Plaintiff relied upon the above-described warranty in deciding to purchase the Jetta.

11.      After taking delivery of the Jetta, plaintiff realized it suffered from numerous defects which substantially impaired its use, value, and safety.

12.      Said defects are covered by the warranties described herein.

13.      On numerous occasions after taking delivery of the Jetta, and before expiration of Volkswagen's express warranty, the plaintiff notified Volkswagen and its authorized service facilities of the defects.

14.      On numerous occasions, plaintiff made the Jetta available to Volkswagen's authorized service facilities for repair of the defects, after which the defects continued to exist, substantially impairing the use, value and safety of the Jetta.

15.      The Jetta has been out of service due to warranty nonconformities on numerous occasions throughout the time since delivery, substantially impairing the use, value and safety of the Jetta.

16.      The Jetta's warranty nonconformities continue and have not been repaired by Volkswagen or its authorized repair facilities.

17.      In September, 2020, plaintiff contacted Volkswagen to discuss the ongoing issues with his car and the fact that he was making payments on a car that had numerous issues. Volkswagen at that time told plaintiff he should stop making payments, because they would switch

out his vehicle due to the his ongoing issues with his current vehicle coupled with the warranty claims he would making. Plaintiff believed that Volkswagen had the authority to allow him to stop making the payments on the car.

18.     Plaintiff obtained the Jetta by financing part of the purchase price. The amount plaintiff financed was less than $25,000. ACA provided the financing for plaintiff's purchase.

19.     In March 2021, ACA contacted plaintiff and told him that his vehicle was in "repossession status" due to his missing payments.

20.     In the March 2021 phone call, ACA told plaintiff that if he made a payment of $505 that day, his car would be taken out of "repossession status," which plaintiff understood to mean that his loan would be restored to sufficient standing that he would not have to worry about repossession.

21.     Plaintiff paid the $505 as agreed, and based on the agreement believed his car was no longer subject to repossession.

22.     ACA did not tell plaintiff that he had to resume making his regular payments on the vehicle in the March 2021 phone call.

23.     On May 24th, plaintiff returned home and saw that the Jetta was missing from where he had parked it. Plaintiff contacted ACA to see if they had after all repossessed his car. ACA confirmed that it had been repossessed.

24.     Plaintiff asked where his car was and who had repossessed the vehicle. ACA would not provide him that information.

25.     ACA told plaintiff on May 24th that he would have to pay approximately $5,000 to redeem his vehicle, which ACA said was inclusive of past due payments, fees they incurred in repossession, but which ACA said did *not* include any fees the repossession company might charge plaintiff.

26.     Upon information and belief, plaintiff has not received any written correspondence from ACA or Volkswagen stating that he was in default on the loan at any time in the year prior to repossession of the Jetta; and plaintiff has received no written correspondence providing him an opportunity to cure any alleged defaults.

5

27.     Upon information and belief, plaintiff has not received any communications which provide him with the exact amount he needed to pay to redeem his vehicle from ACA at any time since the Jetta was repossessed.

28.     At the time the Jetta was repossessed, an inspection of the Jetta was scheduled for May 27, 2021. On May 25, 2021, counsel for plaintiff faxed a letter to ACA informing them of the scheduled inspection and asked that ACA make the car available for the inspection. ACA did not respond to that request.

29.     As a result of the failure to respond, the inspection had to be postponed.

## FIRST CLAIM

30.     Reallege and incorporate the foregoing as though set forth fully at this point.

31.     The Jetta failed to conform to express warranties made by Volkswagen.

32.     When the plaintiff reported the Jetta's nonconformities to Volkswagen and its authorized service facilities and made the Jetta available for repair prior to the expiration of the warranty, Volkswagen had a duty to repair the nonconformities.

33.     Volkswagen breached its contractual and legal duty to the plaintiff by repeatedly failing to repair the Jetta's nonconformities, leaving its use, value, and safety substantially impaired.

34.     As a direct and proximate result of Volkswagen's actions and omissions described herein, plaintiff has suffered damages as set forth more fully below.

## SECOND CLAIM

35.     Reallege and incorporate the foregoing as though set forth fully at this point.

36.     The acts and omissions of Volkswagen alleged herein constitute violations of the Federal Magnuson-Moss Warranty Act, 15 U.S.C. §§2301, et. seq., entitling the plaintiff to the remedies described therein, as well as those damages set forth more fully below.

## THIRD CLAIM

37.     Reallege and incorporate the foregoing as though set forth fully at this point.

38.     Volkswagen made express warranties to plaintiff that the Jetta would conform to the affirmations and promises made by Volkswagen concerning the condition and capabilities of the Volkswagen.

6

39.     Volkswagen breached its express warranty by providing plaintiff with a motor vehicle that suffered from substantial defects and which did not perform as Volkswagen had warranted.

40.     As a direct and proximate result of Volkswagen's actions and omissions described herein, plaintiff has suffered the damages as set forth more fully below.

## FOURTH CLAIM

41.     Reallege and incorporate the foregoing as though set forth fully at this point.

42.     Volkswagen's failure to repair the Jetta pursuant to defendant's express warranty has caused said warranty to fail of its essential purpose.

43.     As a direct and proximate result of the failure of Volkswagen to perform as required by its express warranty, the plaintiff has suffered the damages as set forth more fully below.

44.     As a direct and proximate result of Volkswagen's actions, omissions, violations and breaches of its duties and breaches of warranties, both express and implied, the plaintiff has suffered pecuniary loss, costs of repair, loss of income, collateral costs, costs of obtaining alternative transportation, attorney fees, court costs and other losses.

## FIFTH CLAIM:

45.     Reallege and incorporate the foregoing as though set forth fully at this point.

46.     In March 2021, ACA told plaintiff that if he paid $505 his car would not be subject to repossession. Plaintiff paid the $505.

47.     ACA did not tell plaintiff there were any other conditions or requirements to avoid repossession in and after March 2021, including specifically not telling plaintiff that after the $505 he was to begin regular monthly payments.

48.     ACA then repossessed the Jetta on May 24, 2021.

49.     ACA's actions were not done with honesty in fact and in keeping with reasonable commercial standards; a reasonable merchant being honest in fact would have told plaintiff that he must pay $505 at the time, and then resume and continue making his regular monthly payments to continue to avoid repossession; or, alternatively, a reasonable and honest merchant would have contacted plaintiff when and if his car would be returned to "repossession status" after he paid the $505 in March 2021; ACA's actions accordingly violate § 421.108, Wis. Stats.

7

50. Plaintiff has suffered damages as a result of the foregoing allegations including but not limited to increased costs to redeem his car (consisting of at least repossession fees and potentially other charges) and loss of use of his vehicle, as well as possible additional costs in this litigation.

## SIXTH CLAIM:

51. Reallege and incorporate the foregoing as through set forth fully at this point.

52. ACA's actions as alleged herein constitute claiming rights to repossess plaintiff's Jetta in violation of the obligation of good faith, and to repossess plaintiff's vehicle without providing him in advance notices of default and an opportunity to cure, and to hold plaintiff's vehicle without providing plaintiff the full amount to redeem his vehicle.

53. ACA's claimed rights as set forth herein do not actually exist, insofar as Wisconsin law prohibits said actions.

54. ACA has reason to know the rights it asserted regarding plaintiff and his vehicle do not exist, because as a merchant ACA is deemed to know Wisconsin law.

55. ACA's conduct violates § 427.104(1)(j), Wis. Stats.

56. Plaintiff has suffered damages by reason of ACA's violation of § 427.104(1)(j) including but not limited to emotional distress and increased costs to redeem his vehicle.

## SEVENTH CLAIM:

57. Reallege and incorporate the foregoing as though set forth fully at this point.

58. Volkswagen's advice to plaintiff to stop paying his loan, coupled with ACA's conduct in telling plaintiff he need pay only $505 in March 2021 to avoid repossession, unfairly took advantage of plaintiff's lack of knowledge about his obligations under the car loan, and caused plaintiff to misunderstand the true nature of the transaction between himself, Volkswagen, and ACA.

59. ACA's failure to provide written notices of default, the right to cure, and redemption information, coupled with ACA's assertion that plaintiff might have to pay the repossession company and ACA fees related to the repossession, unfairly took advantage of plaintiff's lack of knowledge and experience with consumer vehicle repossessions, and left plaintiff unable to protect his interests by reason of his lack of understanding of these issues.

8

60.     Volkswagen's and ACA's conduct directed against plaintiff is unconscionable, and as a result, this Court is requested to refuse to enforce the transaction between plaintiff, and ACA and Volkswagen, any further, returning plaintiff's Jetta to him and removing any obligation for plaintiff to continue payment, and removing any lien asserted by ACA; further, the Court is requested to order defendants to delete the tradeline from any credit reporting agencies they have reported this obligation to, and not re-report it; further, the Court is requested to order that neither defendant issue any document (including but not limited to a 1099) which purports to shift tax liability to plaintiff or away from defendants.

### EIGHTH CLAIM:

61.     Reallege and incorporate the foregoing as though set forth fully at this point.

62.     ACA's conduct herein constitutes an illegal nonjudicial repossession.

63.     Plaintiff has suffered damages as a result of ACA's illegal nonjudicial repossession.

64.     Plaintiff is entitled to his remedies as set forth in § 425.305, Wis. Stats.

**WHEREFORE,** plaintiff demands judgment against the defendant as follows:

A.     Requiring the defendant Volkwagen to refund to the plaintiff the amount paid pursuant to the purchase contract, plus all sales tax, interest paid pursuant to any financing agreement and collateral costs;

B.     Awarding the plaintiff his other damages, costs, disbursements and reasonable attorney's fees; and

C.     Providing for such other relief which the Court deems is just and equitable.

**A TWELVE-PERSON JURY TRIAL IS HEREBY DEMANDED.**

Dated: This 17th day of June, 2021.          **Lawton & Cates, S.C.**
                                             Attorneys for Plaintiff, Ryan Rubash
                                             *Electronically Signed By:*

                                             */s/ Briane F. Pagel*_____
                                             Attorney Briane F. Pagel
                                             State Bar No. 1025514

P.O. Address:
345 W. Washington Ave. Ste. 201
P.O. Box 2965
Madison, WI 53703
P: 608.282.6200/F: 608.282.6252

9

FILED
06-18-2021
CIRCUIT COURT
DANE COUNTY, WI
2021CV000646

**STATE OF WISCONSIN**　　　**CIRCUIT COURT**

**DANE COUNTY**

---

**RYAN RUBASH**

　　　　　　　Plaintiff,

**v.**

**Case No.** 21CV646

**Case Code:** 30303 – Other Contracts

**VOLKSWAGEN GROUP OF AMERICA, INC.**
And
**AMERICAN CREDIT ACCEPTANCE,**

　　　　　　　Defendants.

---

### AFFIDAVIT OF SERVICE

---

**STATE OF WISCONSIN**　　)
　　　　　　　　　　　　　) SS.
**DANE COUNTY**　　　　　)

The undersigned, Taylor Chantes, being first duly sworn on oath, states the following:

1. I am a Wisconsin Citizen and am not a party to the above-captioned case.

2. I make this Affidavit on my own personal knowledge.

3. On Friday June 18, 2021, at approximately 3:30 p.m., I served the Plaintiff's First Amended Summons and Complaint on the Defendant, American Credit Acceptance.

4. I served the Registered Agent for the Defendant, C T Corporation System located on 301 S. Bedford St. Suite 1, Madison Wisconsin, 53703.

　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　Taylor Chantes

Subscribed and sworn to before me
This 18th day of June, 2021.

_____
Notary Public, State of Wisconsin
My Commission Expires: 10-28-23

NOTARY PUBLIC
VICTORIA DIETEL
STATE OF WISCONSIN

1

FILED
06-23-2021
CIRCUIT COURT
DANE COUNTY, WI
2021CV000646

| **STATE OF WISCONSIN** | **CIRCUIT COURT** | **DANE COUNTY** |
|---|---|---|

Ryan Rubash vs. Volkswagen Group of America, Inc.　　　**Notice of Hearing**

Case No: 2021CV000646

COURT ORIGINAL

This case is scheduled for: **Telephone scheduling conference**

| Date<br>07-16-2021 | Time<br>09:30 am | Location<br>7th Floor, Courtroom 7D - Branch 15 |
|---|---|---|
| **Circuit Court Judge/Circuit Court Commissioner**<br>Stephen E Ehlke | | 215 S Hamilton Street<br>Madison WI 53703-3285 |
| **Re**<br>Other-Contract | | |

This matter will not be adjourned by the court except upon formal motion for good cause or with the specific approval of the court upon stipulation by all parties.

PLAINTIFF'S ATTORNEY IS TO SET UP THE TELEPHONE CALL FOR THIS HEARING. ALL OTHER PARTIES MUST PROVIDE A TELEPHONE NUMBER TO PLAINTIFF'S ATTORNEY NO LATER THAN 3 BUSINESS DAYS PRIOR TO HEARING DATE. THE COURT CAN BE CALLED AT (608) 267-2517.

***PLEASE NOTE***Plaintiff's Motion for Temporary Restraining Order - filed 06-17-2021 to be heard at this time also***

**If you require reasonable accommodations due to a disability to participate in the court process, please call 608-266-4311 prior to the scheduled court date. Please note that the court does not provide transportation.**

Dane County Circuit Court
Date: June 23, 2021

| **DISTRIBUTION** | **Address** | **Service Type** |
|---|---|---|
| Court Original | | |
| Briane Frederick Pagel Jr. | | Electronic Notice |
| Terrence Mark Polich | | Electronic Notice |
| Sara P Scullen | | Electronic Notice |
| Amy M. Salberg | | Electronic Notice |

GF-101(CCAP), 10/2009 Notice of Hearing

This form shall not be modified. It may be supplemented with additional material.

Ex A, p. 31

FILED
07-06-2021
CIRCUIT COURT
DANE COUNTY, WI
2021-CV-000646

STATE OF WISCONSIN          CIRCUIT COURT          DANE COUNTY

**RYAN RUBASH**,
825 S. Pleasant View Road, Apt. 4
Plymouth, WI  53073
          Plaintiff,

    v.                                                    **Case No.** 2021-CV-000646
                                                            **Code Code:** 30303 - Other Contracts

**VOLKSWAGEN GROUP OF AMERICA,
INC.,**
2200 Ferdinand Porsche Drive
Herndon, VA 20171
And
**AMERICAN CREDIT ACCEPTANCE**
961 E Main St
Spartanburg, SC, 29302-2185
Registered Agent:
C T Corporation System
301 S. Bedford, Suite 1
Madison, WI 53703
          Defendants.

---

### VOLKSWAGEN GROUP OF AMERICA, INC.'S ANSWERS TO PLAINTIFF'S FIRST AMENDED COMPLAINT

---

Volkswagen Group of America, Inc. ("Volkswagen"), by its attorneys Quarles & Brady

LLP, answers Plaintiff's First Amended Complaint as follows:

#### PARTIES

1.     Plaintiff Ryan Rubash is an adult citizen of the State of Wisconsin, residing at 825 S. Pleasant View Road, Apt. 4, Plymouth, WI 53073.

**ANSWER:**    Volkswagen lacks knowledge or information sufficient to form a belief as

to the truth of the allegations in paragraph 1 and therefore denies.

2.     Defendant Volkswagen Group of America, Inc. ("Volkswagen") is a foreign corporation authorized to conduct business in the State of Wisconsin with a principal office address at 2200 Ferdinand Porsche Drive, Herndon, VA 20171.

**ANSWER:**   Volkswagen admits the allegations in paragraph 2.

3.      Volkswagen manufactures and distributes motor vehicles throughout the State of Wisconsin, including in Dane County.

**ANSWER:**   Volkswagen admits the allegations in paragraph 3.

4.      Volkswagen has one or more authorized dealers and servicing centers in Dane County.

**ANSWER:**   Volkswagen admits that it has an authorized dealership in Dane County and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 4 and therefore denies.

5.      Volkswagen has substantial business contacts with Dane County by virtue of its commercial activities including advertising, sales, and servicing of its vehicles under warranty.

**ANSWER:**   Volkswagen admits that it conducts business in Dane County and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 5 and therefore denies.

6.      Defendant American Credit Acceptance ("ACA") is upon information and belief a foreign corporation engaged in lending money.  ACA's business includes regularly lending money to individuals, which individuals use said funds for personal, family or household purposes.

**ANSWER:**   Volkswagen lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6 and therefore denies.

## BACKGROUND FACTS

7.      Reallege and incorporate the foregoing as though set forth fully at this point.

**ANSWER:**   Volkswagen incorporates its answers to the foregoing as if set forth in full herein.

8.      On or about February 21, 2020, plaintiff took delivery of a used 2019 Volkswagen Jetta 4-door sedan ("the Jetta").

**ANSWER:**     Volkswagen lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 8 and therefore denies.

9.      The Jetta was covered by Volkswagen's express warranty.

**ANSWER:**     Volkswagen lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9 and therefore denies.

10.      Plaintiff relied upon the above-described warranty in deciding to purchase the Jetta.

**ANSWER:**     Volkswagen lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10 and therefore denies.

11.      After taking delivery of the Jetta, plaintiff realized it suffered from numerous defects which substantially impaired its use, value, and safety.

**ANSWER:**     Volkswagen lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11 and therefore denies.

12.      Said defects are covered by the warranties described herein.

**ANSWER:**     Volkswagen lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12 and therefore denies.

13.      On numerous occasions after taking delivery of the Jetta, and before expiration of Volkswagen's express warranty, the plaintiff notified Volkswagen and its authorized service facilities of the defects.

**ANSWER:**     Volkswagen lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13 and therefore denies.

14.      On numerous occasions, plaintiff made the Jetta available to Volkswagen's authorized service facilities for repair of the defects, after which the defects continued to exist, substantially impairing the use, value and safety of the Jetta.

**ANSWER:**     Volkswagen lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14 and therefore denies.

QB\68923876.1

15. The Jetta has been out of service due to warranty nonconformities on numerous occasions throughout the time since delivery, substantially impairing the use, value and safety of the Jetta.

**ANSWER:** Volkswagen lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15 and therefore denies.

16. The Jetta's warranty nonconformities continue and have not been repaired by Volkswagen or its authorized repair facilities.

**ANSWER:** Volkswagen lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16 and therefore denies.

17. In September, 2020, plaintiff contacted Volkswagen to discuss the ongoing issues with his car and the fact that he was making payments on a car that had numerous issues. Volkswagen at that time told plaintiff he should stop making payments, because they would switch out his vehicle due to the his ongoing issues with his current vehicle coupled with the warranty claims he would making. Plaintiff believed that Volkswagen had the authority to allow him to stop making the payments on the car.

**ANSWER:** Volkswagen denies the allegations in paragraph 17.

18. Plaintiff obtained the Jetta by financing part of the purchase price. The amount plaintiff financed was less than $25,000. ACA provided the financing for plaintiff's purchase.

**ANSWER:** Volkswagen lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18 and therefore denies.

19. In March 2021, ACA contacted plaintiff and told him that his vehicle was in "repossession status" due to his missing payments.

**ANSWER:** Volkswagen lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19 and therefore denies.

20. In the March 2021 phone call, ACA told plaintiff that if he made a payment of $505 that day, his car would be taken out of "repossession status," which plaintiff understood to mean that his loan would be restored to sufficient standing that he would not have to worry about repossession.

**ANSWER:** Volkswagen lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20 and therefore denies.

– 4 –

QB\68923876.1

21.     Plaintiff paid the $505 as agreed, and based on the agreement believed his car was no longer subject to repossession.

**ANSWER:**     Volkswagen lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21 and therefore denies.

22.     ACA did not tell plaintiff that he had to resume making his regular payments on the vehicle in the March 2021 phone call.

**ANSWER:**     Volkswagen lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22 and therefore denies.

23.     On May 24th, plaintiff returned home and saw that the Jetta was missing from where he had parked it.  Plaintiff contacted ACA to see if they had after all repossessed his car. ACA confirmed that it had been repossessed.

**ANSWER:**     Volkswagen lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23 and therefore denies.

24.     Plaintiff asked where his car was and who had repossessed the vehicle.  ACA would not provide him that information.

**ANSWER:**     Volkswagen lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24 and therefore denies.

25.     ACA told plaintiff on May 24th that he would have to pay approximately $5,000 to redeem his vehicle, which ACA said was inclusive of past due payments, fees they incurred in repossession, but which ACA said did *not* include any fees the repossession company might charge plaintiff.

**ANSWER:**     Volkswagen lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25 and therefore denies.

26.     Upon information and belief, plaintiff has not received any written correspondence from ACA or Volkswagen stating that he was in default on the loan at any time in the year prior to repossession of the Jetta; and plaintiff has received no written correspondence providing him an opportunity to cure any alleged defaults.

**ANSWER:**     Volkswagen lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 26 and therefore denies.

–5–

QB\68923876.1

27.     Upon information and belief, plaintiff has not received any communications which provide him with the exact amount he needed to pay to redeem his vehicle from ACA at any time since the Jetta was repossessed.

**ANSWER:**     Volkswagen lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 27 and therefore denies.

28.     At the time the Jetta was repossessed, an inspection of the Jetta was scheduled for May 27, 2021.  On May 25, 2021, counsel for plaintiff faxed a letter to ACA informing them of the scheduled inspection and asked that ACA make the car available for the inspection.  ACA did not respond to that request.

**ANSWER:**     Volkswagen lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 28 and therefore denies.

29.     As a result of the failure to respond, the inspection had to be postponed.

**ANSWER:**     Volkswagen admits that the inspection was postposed.  Volkswagen lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 29 and therefore denies.

### FIRST CLAIM

30.     Reallege and incorporate the foregoing as though set forth fully at this point.

**ANSWER:**     Volkswagen incorporates its answers to the foregoing as if set forth in full herein.

31.     The Jetta failed to conform to express warranties made by Volkswagen.

**ANSWER:**     Volkswagen denies the allegations in paragraph 31.

32.     When the plaintiff reported the Jetta's nonconformities to Volkswagen and its authorized service facilities and made the Jetta available for repair prior to the expiration of the warranty, Volkswagen had a duty to repair the nonconformities.

**ANSWER:**     Volkswagen admits any duties imposed by law and denies the remaining allegations in paragraph 32.

– 6 –

QB\68923876.1

33.     Volkswagen breached its contractual and legal duty to the plaintiff by repeatedly failing to repair the Jetta's nonconformities, leaving its use, value, and safety substantially impaired.

**ANSWER:**     Volkswagen denies the allegations in paragraph 33.

34.     As a direct and proximate result of Volkswagen's actions and omissions described herein, plaintiff has suffered damages as set forth more fully below.

**ANSWER:**     Volkswagen denies the allegations in paragraph 34.

## SECOND CLAIM

35.     Reallege and incorporate the foregoing as though set forth fully at this point.

**ANSWER:**     Volkswagen incorporates its answers to the foregoing as if set forth in full herein.

36.     The acts and omissions of Volkswagen alleged herein constitute violations of the Federal Magnuson-Moss Warranty Act, 15 U.S.C. §§2301, et. seq., entitling the plaintiff to the remedies described therein, as well as those damages set forth more fully below.

**ANSWER:**     Volkswagen denies the allegations in paragraph 36.

## THIRD CLAIM

37.     Reallege and incorporate the foregoing as though set forth fully at this point.

**ANSWER:**     Volkswagen incorporates its answers to the foregoing as if set forth in full herein.

38.     Volkswagen made express warranties to plaintiff that the Jetta would conform to the affirmations and promises made by Volkswagen concerning the condition and capabilities of the Volkswagen.

**ANSWER:**     Volkswagen lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 38 and therefore denies.

39.     Volkswagen breached its express warranty by providing plaintiff with a motor vehicle that suffered from substantial defects and which did not perform as Volkswagen had warranted.

**ANSWER:**     Volkswagen denies the allegations in paragraph 39.

– 7 –

40.    As a direct and proximate result of Volkswagen's actions and omissions described herein, plaintiff has suffered the damages as set forth more fully below.

**ANSWER:**    Volkswagen denies the allegations in paragraph 40.

## FOURTH CLAIM

41.    Reallege and incorporate the foregoing as though set forth fully at this point.

**ANSWER:**    Volkswagen incorporates its answers to the foregoing as if set forth in full herein.

42.    Volkswagen's failure to repair the Jetta pursuant to defendant's express warranty has caused said warranty to fail of its essential purpose.

**ANSWER:**    Volkswagen denies the allegations in paragraph 42.

43.    As a direct and proximate result of the failure of Volkswagen to perform as required by its express warranty, the plaintiff has suffered the damages as set forth more fully below.

**ANSWER:**    Volkswagen denies the allegations in paragraph 43.

44.    As a direct and proximate result of Volkswagen's actions, omissions, violations and breaches of its duties and breaches of warranties, both express and implied, the plaintiff has suffered pecuniary loss, costs of repair, loss of income, collateral costs, costs of obtaining alternative transportation, attorney fees, court costs and other losses.

**ANSWER:**    Volkswagen denies the allegations in paragraph 44.

## FIFTH CLAIM:

45.    Reallege and incorporate the foregoing as though set forth fully at this point.

**ANSWER:**    Volkswagen incorporates its answers to the foregoing as if set forth in full herein.

46.    In March 2021, ACA told plaintiff that if he paid $505 his car would not be subject to repossession.  Plaintiff paid the $505.

**ANSWER:**    Volkswagen lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 46 and therefore denies.

– 8 –

47.     ACA did not tell plaintiff there were any other conditions or requirements to avoid repossession in and after March 2021, including specifically not telling plaintiff that after the $505 he was to begin regular monthly payments.

**ANSWER:**     Volkswagen lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 47 and therefore denies.

48.     ACA then repossessed the Jetta on May 24, 2021.

**ANSWER:**     Volkswagen lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 48 and therefore denies.

49.     ACA's actions were not done with honesty in fact and in keeping with reasonable commercial standards; a reasonable merchant being honest in fact would have told plaintiff that he must pay $505 at the time, and then resume and continue making his regular monthly payments to continue to avoid repossession; or, alternatively, a reasonable and honest merchant would have contacted plaintiff when and if his car would be returned to "repossession status" after he paid the $505 in March 2021; ACA's actions accordingly violate § 421.108, Wis. Stats.

**ANSWER:**     Volkswagen lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 49 and therefore denies.

50.     Plaintiff has suffered damages as a result of the foregoing allegations including but not limited to increased costs to redeem his car (consisting of at least repossession fees and potentially other charges) and loss of use of his vehicle, as well as possible additional costs in this litigation.

**ANSWER:**     Volkswagen lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 50 and therefore denies.

## SIXTH CLAIM:

51.     Reallege and incorporate the foregoing as through set forth fully at this point.

**ANSWER:**     Volkswagen incorporates its answers to the foregoing as if set forth in full herein.

52.     ACA's actions as alleged herein constitute claiming rights to repossess plaintiff's Jetta in violation of the obligation of good faith, and to repossess plaintiff's vehicle without providing him in advance notices of default and an opportunity to cure, and to hold plaintiff's vehicle without providing plaintiff the full amount to redeem his vehicle.

– 9 –

**ANSWER:**    Volkswagen lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 52 and therefore denies.

53.    ACA's claimed rights as set forth herein do not actually exist, insofar as Wisconsin law prohibits said actions.

**ANSWER:**    Volkswagen lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 53 and therefore denies.

54.    ACA has reason to know the rights it asserted regarding plaintiff and his vehicle do not exist, because as a merchant ACA is deemed to know Wisconsin law.

**ANSWER:**    Volkswagen lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 54 and therefore denies.

55.    ACA's conduct violates § 427.104(1) (j), Wis. Stats.

**ANSWER:**    Volkswagen lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 55 and therefore denies.

56.    Plaintiff has suffered damages by reason of ACA's violation of § 427.104(1)(j) including but not limited to emotional distress and increased costs to redeem his vehicle.

**ANSWER:**    Volkswagen lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 56 and therefore denies.

## SEVENTH CLAIM:

57.    Reallege and incorporate the foregoing as though set forth fully at this point.

**ANSWER:**    Volkswagen incorporates its answers to the foregoing as if set forth in full herein.

58.    Volkswagen's advice to plaintiff to stop paying his loan, coupled with ACA's conduct in telling plaintiff he need pay only $505 in March 2021 to avoid repossession, unfairly took advantage of plaintiff's lack of knowledge about his obligations under the car loan, and caused plaintiff to misunderstand the true nature of the transaction between himself, Volkswagen, and ACA.

QB\68923876.1

**ANSWER:**   Volkswagen denies the allegations in paragraph 58 that are applicable to Volkswagen and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 58 and therefore denies.

59.    ACA's failure to provide written notices of default, the right to cure, and redemption information, coupled with ACA's assertion that plaintiff might have to pay the repossession company and ACA fees related to the repossession, unfairly took advantage of plaintiff's lack of knowledge and experience with consumer vehicle repossessions, and left plaintiff unable to protect his interests by reason of his lack of understanding of these issues.

**ANSWER:**   Volkswagen lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 59 and therefore denies.

60.    Volkswagen's and ACA's conduct directed against plaintiff is unconscionable, and as a result, this Court is requested to refuse to enforce the transaction between plaintiff, and ACA and Volkswagen, any further, returning plaintiff's Jetta to him and removing any obligation for plaintiff to continue payment, and removing any lien asserted by ACA; further, the Court is requested to order defendants to delete the tradeline from any credit reporting agencies they have reported this obligation to, and not re-report it; further, the Court is requested to order that neither defendant issue any document (including but not limited to a 1099) which purports to shift tax liability to plaintiff or away from defendants.

**ANSWER:**   Volkswagen denies the allegations in paragraph 58 that are applicable to Volkswagen and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 60 and therefore denies.

## EIGHTH CLAIM:

61.    Reallege and incorporate the foregoing as though set forth fully at this point.

**ANSWER:**   Volkswagen incorporates its answers to the foregoing as if set forth in full herein.

62.    ACA's conduct herein constitutes an illegal nonjudicial repossession.

**ANSWER:**   Volkswagen lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 62 and therefore denies.

63.    Plaintiff has suffered damages as a result of ACA's illegal nonjudicial repossession.

-11-

**ANSWER:**    Volkswagen lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 63 and therefore denies.

64.    Plaintiff is entitled to his remedies as set forth in § 425.305, Wis. Stats.

**ANSWER:**    Volkswagen lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 64 and therefore denies.

<u>**AFFIRMATIVE DEFENSES**</u>

As and for its affirmative defenses to the Complaint, Volkswagen hereby alleges as follows:

1.    Plaintiff's Complaint fails to state a claim upon which relief can be granted.

2.    To the extent that Plaintiff complains of conditions alleged to have been encountered in the use of the vehicle identified in the Amended Complaint, upon information and belief, such conditions may be the result of an unauthorized modification, abuse, neglect, misuse or other alterations of the subject vehicle.

3.    Upon information and belief, the conditions about which the Plaintiff complains with respect to the use and operation of the subject vehicle are intrinsic to the nature of the subject vehicle.

4.    Upon information and belief, the conditions complained of by Plaintiff with respect to the subject vehicle were not warranted by Volkswagen.

5.    Upon information and belief, the conditions complained of by Plaintiff with respect to the subject vehicle did not substantially impair the use, value or safety of the subject vehicle.

6.    Plaintiff have failed to mitigate damages as required by law.

7.    Upon information and belief, Plaintiff's damages, if any, were caused by their own acts, not the acts of Volkswagen.

-12-

QB\68923876.1

8.      Upon information and belief, Plaintiff's damages, if any, were caused by persons or entities other than Volkswagen, and for whose conduct Volkswagen is not responsible.

9.      Even assuming that anything that Volkswagen did or did not do is deemed to be a cause of Plaintiff's damages, Plaintiff's claims are barred from recovery by the doctrine of superseding cause and/or intervening cause.

10.     Plaintiff has failed to give timely notice of the alleged defect, breach of warranty, revocation or other claims to Volkswagen.

11.     Plaintiff's claims are barred in whole or in part by the defendant's limitations on damages and/or disclaimer of warranties, express or implied.

12.     Plaintiff's claims for incidental or consequential damages, if any, are barred in whole or in part because the alleged damages were not reasonably foreseeable.

13.     Plaintiff's claims may be barred by any applicable statute of limitations, doctrine of laches or statute of repose.

14.     Plaintiff has failed to give proper notice of revocation.

15.     Plaintiff has failed to participate in good faith and exhaust pre-litigation dispute resolution options.

16.     Venue for Plaintiff's claims is improper.

17.     Plaintiff's claims are barred by the doctrine of spoliation.

18.     Plaintiff lacks standing to bring these claims as Plaintiff no longer owns or possesses the subject vehicle die to his intentional failure to make monthly loan payments.

19.     Plaintiff's claims are moot.

WHEREFORE defendant requests that the Court enter an Order dismissing the First Amended Complaint with prejudice, awarding Volkswagen of America, Inc. its costs and

-13-

QB\68923876.1

expenses incurred in the defense of this matter, including actual attorney's fees, and for such other and further relief to which defendant may be entitled.

## **JURY DEMAND**

Alternatively, defendant respectfully demands a trial by jury.

Dated this 3rd day of July, 2021.

QUARLES & BRADY LLP

***Electronically signed by Sara P. Scullen***
Sara P. Scullen (State Bar No. 1030763)
411 E. Wisconsin Ave., Suite 2350
Milwaukee WI 53202-4426
Telephone:  (414) 277-5000
Facsimile:  (414) 203-0190
Email:  *sara.scullen@quarles.com*

*Attorneys for Defendant Volkswagen Group of America, Inc.*

-14-